CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
SEP 16 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SANDRA R. WOODING, | ) | CASE NO. 4:10CV00006 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | By: B. Waugh Crigler |
| | ) | U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's May 2, 2007 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned RECOMMENDS that an Order enter DENYING the Commissioner's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g).

In a decision issued on September 23, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, December 31, 2002, and that she met the insured status requirements under the Act through December 31, 2007[1]. (R. 11.) The Law Judge determined that plaintiff suffered the following

---

[1] In order to qualify for disability insurance benefits, plaintiff must establish that she became disabled prior to the expiration of her insured status, December 31, 2007. See 20 C.F.R. § 404.131(a). Therefore, any evaluation of the plaintiff's disability following that date relates

severe impairments: degenerative back disorder/osteoarthritis, peripheral neuropathy, diabetes, high blood pressure, restless leg syndrome and obesity. (R. 12.) However, the Law Judge believed that she did not have an impairment or combination of impairments which met or equaled a listed impairment. (*Id.*) The Law Judge found that plaintiff maintained the residual functional capacity ("RFC") to perform a full range of sedentary work. (R. 14-15.) The Law Judge was of the belief that this RFC precluded plaintiff from performing her past relevant work[2], but that there were jobs in the national economy that plaintiff could perform. (R. 17.) Thus, the Law Judge ultimately found that she was not disabled under the Act. (R. 16.)

Plaintiff appealed the Law Judge's September 23, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

---

solely to her claim for SSI benefits.

[2]Plaintiff's past relevant work includes that of fiberglass cleaner, certified nursing assistant, and security officer. (R. 14.)

2

In a brief filed in support of her motion for summary judgment, plaintiff argues that the Appeals Council failed to properly address the evidence she submitted. (Pl's Brief, p. 5.) Plaintiff argues that this evidence compels a finding of disability under Rule 201.14[3] of the Medical-Vocational Guidelines ("grids") because it establishes that she did not have skills which were transferrable. (Pl's Brief, pp. 5-7.)

The Appeals Council did not explain why it determined the proffered evidence failed to provide a basis for changing the Law Judge's decision. (R. 1-2.) In unpublished opinions, two separate panels of the Fourth Circuit have held that the Appeals Council need not provide detailed reasons for finding that new evidence did not provide a basis for changing the Law Judge's decision. *See Freeman v. Halter,* 15 Fed. Appx. 87, 89 (4th Cir. 2001); *Hollar v. Comm'r of the Soc. Sec. Admin.,* No. 98-2748, 1999 WL 753999, at *1 (4th Cir. Sept. 23, 1999) (unpublished); Even so, there are conflicting opinions among the district courts in the Fourth Circuit regarding whether the Appeals Council must provide a basis for its decision. *See Boggs v. Astrue,* No. 5:07CV10, 2008 WL 467386, *10 (N.D.W.Va. February 19, 2008) (the Appeals Council is not required to explain its determination); *Davis v. Barnhart,* 392 F.Supp.2d 747, 751 (W.D.Va. 2005) (the Appeals Council was not obligated to provide reasons); *Riley v. Apfel,* 88 F.Supp.2d 572, 580 (W.D.Va. 2000) (the Appeals Council must provide more than a "scant discussion" of the evidence); *Ridings v. Apfel,* 76 F.Supp.2d 707, 709 (W.D.Va. 1999) (the Appeals Council is not required to state its rationale for denying review); *Alexander v. Apfel,* 14 F.Supp.2d 839, 843 (W.D.Va.1998) (finding the Appeals Council must provide reasoning for its determination). It will not be necessary for the undersigned

---

[3]To qualify under Rule 201.14, the evidence must demonstrate that a claimant is able to perform sedentary work, is a high school graduate or more, and has skilled or semi-skilled past work experience with skills which are not transferable. 20 C.F.R. Pt. 404, Supt. P, App. 2, Rule 201.14.

3

to choose between these conflicting views because the case can be decided on another ground.

The Commissioner acknowledges that court may consider evidence which has been submitted for the first time to the Appeals Council if the evidence was "new." *See Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir.1991). The Council is regulatorily charged with the duty to consider additional evidence submitted with a request for review if the evidence is new, material, and relates to the period on or before the date of the Law Judge's decision. 20 C.F.R. § 404.970(b); *Davis v. Barnhart*, 392 F.Supp.2d 747, 750 (W.D.Va. 2005). Evidence is deemed "new" if it is neither duplicative nor cumulative, and it is "material" if a reasonable probability exists that the evidence would have changed the outcome of the case. *Wilkins*, 953 F.2d at 96; *Davis*, 392 F.Supp.2d at 750.

The additional evidence plaintiff proffered to the Appeals Council consists of a vocational evaluation performed by Barry S. Hensley, Ed.D., a vocational expert, on October 21, 2009. (R. 349-354.) Hensley found that plaintiff had no marketable or transferrable skills and that she would be unable to perform her past relevant work as a sedentary security guard because she lacks the educational levels necessary to read training manuals and to read, interpret and understand written instructions. (R. 354.) Ultimately, Hensley concluded that plaintiff was "vocationally disabled" because she was a person approaching advanced age, had severe medical difficulties, had no marketable or transferable skills and, at best, she possessed a marginal educational level. (*Id.*)

The undersigned finds that the additional evidence was "new" in that it was neither duplicative or cumulative of the any other evidence in the record and relates to plaintiff's vocational capacity prior to the Law Judge's September 23, 2009 decision. The undersigned also finds that the evidence is "material." Namely, if the Law Judge had accepted Hensley's evaluation and opinion

4

that plaintiff was "vocationally disabled," it likely would have altered his decision. Finally, this evidence would be dispositive unless countervailed by other substantial evidence which appears absent from the record before the Law Judge.

For all these reasons, the undersigned RECOMMENDS that an Order enter DENYING the Commissioner's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g).

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
U.S. Magistrate Judge

09-16-2010
Date